IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


UNITED STATES OF AMERICA,            )
                                     )
vs.                                  ) Case Number 1:10-CR-161
                                     )
YI GUO DONG and                      )
RI HONG ZHENG,                       )
                                     )
          Defendants.                )



PLEAS OF GUILTY


November 22, 2010



BEFORE THE HON. CHARLES A. PANNELL, JR.



APPEARANCES:


FOR THE GOVERNMENT:     Mr. Brian M. Pearce



FOR THE DEFENDANT:      Mr. George Chakmakis



Reported by:
Martha J. Frutchey
U.S. District Reporter
Room 2314, United States Courthouse
75 Spring Street, SW
Atlanta, Georgia  30303
(404) 215-1573

1           **November 22, 2010**

2           MR. CHAKMAKIS:  I apologize for the delay.

3           THE COURT:  That's fine.  Have your clients sit on

4    either side of the interpreter, if that's the way you wish us to

5    do it.  All right.  Let me sound case 10-CR-161, United States

6    of America versus Yi Guo Dong and Ri Hong Zheng Dong.  We do

7    have an interpreter?  Let me go ahead and have the interpreter

8    sworn.

9    (Interpreter sworn)

10          COURTROOM DEPUTY:  Thank you.  Sir, would you please

11   give me your name.

12          THE INTERPRETER:  My name is Gang Li, spelled G-a-n-g,

13   last name spelled L-i.

14          COURTROOM DEPUTY:  Okay.  Thank you.

15          THE COURT:  All right.  This case is set down this

16   afternoon for a plea.  Is the government ready?

17          MR. PEARCE:  We are, Your Honor.

18          THE COURT:  Defense ready?

19          MR. CHAKMAKIS:  Yes, Your Honor.

20          MR. PEARCE:  One signature short.  We'll have that taken

21   care of in a second here, Judge.

22          THE COURT:  All right.  Let me ask Mr. Pearce to have

23   the defendants acknowledge their signature on the plea form.

24          MR. PEARCE:  Yes, Your Honor.  I'm going start with the

25   wife, Ri Hong Zheng.  Ma'am, I'm showing you your plea agreement

1   in this case.  Here on page 8 above where it says signature of

2   defendant, is that your signature?

3          DEFENDANT ZHENG:  Yes.

4          MR. PEARCE:  And then here on page 9, again, is that

5   your signature?

6          DEFENDANT ZHENG:  Yes.

7          MR. PEARCE:  And this is your attorney here, George

8   Chakmakis, standing next to you?  And, Mr. Chakmakis, have you

9   signed pages 8 and 9 of the plea agreement?

10          MR. CHAKMAKIS:  Yes, I have.

11          MR. PEARCE:  And then Mr. Dong, I'm showing you your

12   plea agreement, and you see here on page 8 where it says Yi Guo

13   Dong?  Is that your signature?

14          DEFENDANT DONG:  Yes.

15          MR. PEARCE:  And then the next page, page 9, where it

16   says signature of defendant, is that your signature?

17          DEFENDANT DONG:  Yes.

18          MR. PEARCE:  Your Honor, the defendants have both

19   verified all the signatures.  And this is your attorney, Mr.

20   Chakmakis also?

21          DEFENDANT DONG:  Yes.

22          MR. PEARCE:  And, Mr. Chakmakis, you signed pages 8 and

23   9 of this plea agreement, did you not?

24          MR. CHAKMAKIS:  Yes, I did.

25          MR. PEARCE:  Your Honor, the government is tendering

1   both pages.  There is an Information to be filed in Ms. Zheng's

2   case, Your Honor.  Ms. Zheng is pleading to a misdemeanor

3   Information.  As a misdemeanor, there is no waiver with that.

4           THE COURT:  Is this an additional charge?

5           MR. PEARCE:  What will happen, Your Honor, is pursuant

6   to the plea agreement, at sentencing we'll move to dismiss all

7   charges in the Indictment against Ms. Zheng.  There are felony

8   charges in the Indictment.  We have agreed to a misdemeanor

9   resolution and the Information is the vehicle for that, so that

10  Information charges the misdemeanor version of the copyright

11  statute, so it charges her with a misdemeanor copyright offense.

12  So we move to file that now, Your Honor.

13          THE COURT:  Okay.  Let me address these remarks to both

14  defendants.  Before accepting your guilty pleas there are a

15  number of questions I must ask to ensure that this is a valid

16  plea.  If you do not understand my questions, or if you have

17  trouble understanding me through the interpreter, please stop us

18  and tell us that so we can go back over the question or repeat

19  and rephrase the question, because it's essential to a valid

20  plea that you understand each question before you answer it.

21  Can you understand me through the interpreter, Ms. Zheng?

22          DEFENDANT ZHENG:  I understand.

23          THE COURT:  Can you understand me through the

24  interpreter Mr. Dong?

25          DEFENDANT DONG:  Yes.

1        THE COURT:  Having been sworn your answers -- let's see.

2    I haven't had -- Have I had them sworn?

3        COURTROOM DEPUTY:  No, sir.

4        THE COURT:  Let me ask you both to stand and raise your

5    right hands and the clerk will give you an oath.

6    (Defendants sworn)

7        COURTROOM DEPUTY:  Thank you.  You may be seated.

8        THE COURT:  Having been sworn, your answers to my

9    questions will be subject to the penalties of perjury or of

10   making a false statement if you do not answer truthfully.  In

11   other words, if you answer any of my questions falsely, your

12   answers may later be used against you in another prosecution for

13   perjury or of making a false statement.  Do you understand that?

14       DEFENDANT DONG:  I understand.

15       DEFENDANT ZHENG:  I understand.

16       THE COURT:  Let me ask the female defendant.  What is

17   your full name?

18       DEFENDANT ZHENG:  Ri Hong Zheng.

19       THE COURT:  How old are you?

20       DEFENDANT ZHENG:  40.

21       THE COURT:  How much education have you had?

22       DEFENDANT ZHENG:  Middle school.

23       THE COURT:  Middle school.  And where did she go to

24   middle school?

25       DEFENDANT ZHENG:  In China.

1          THE COURT:  Have you taken any narcotic drugs, medicine,

2     pills or any alcoholic beverages in the past twenty-four hours?

3          DEFENDANT ZHENG:  No.

4          THE COURT:  Have you been treated recently for any

5     mental illness or addiction to narcotic drugs of any kind?

6          DEFENDANT ZHENG:  No.

7          THE COURT:  All right.  Let me ask Mr. Dong.  What is

8     your full name?

9          DEFENDANT DONG:  Yi Guo Dong.

10          THE COURT:  How old are you?

11          DEFENDANT DONG:  42.

12          THE COURT:  How much education have you had?

13          DEFENDANT DONG:  Second grade of elementary school.

14          THE COURT:  And where did he attend elementary school?

15          DEFENDANT DONG:  In China.

16          THE COURT:  How long have you been in this country?

17          DEFENDANT DONG:  Twenty years.

18          THE COURT:  Are you a naturalized citizen?

19          DEFENDANT DONG:  I'm a green card holder.

20          THE COURT:  You are here on a visa?

21          DEFENDANT DONG:  When I came in, I was granted by a

22     judge.

23          MR. CHAKMAKIS:  It is my understanding he's a permanent

24     resident.  I have seen his permanent resident card, Your Honor.

25          THE COURT:  I beg your pardon?

1       MR. CHAKMAKIS:  It is my understanding he is a permanent

2   resident.  I have reviewed his permanent resident card, actually

3   today.

4       THE COURT:  Let me ask Ms. Zheng.  Is she a naturalized

5   citizen or is she here on some kind of visa?

6       DEFENDANT ZHENG:  Currently resident, a visa.  I have a

7   right to reside here, applying for one-year card.

8       MR. PEARCE:  It may help move things along.  My

9   understanding is she has a petition for asylum.  She applied for

10  asylum.  That gives her sort of a temporary interim status.

11      THE COURT:  They are here legally.

12      MR. PEARCE:  They are here legally.

13      THE COURT:  But they are not citizens, so they may be

14  subject to deportation.

15      MR. PEARCE:  Yes, that's correct.

16      THE COURT:  All right.  Let's see, let me ask Ms. Zheng.

17  Have you taken any narcotic drugs, medicine, pills or any

18  alcoholic beverages in the past twenty-four hours?

19      DEFENDANT ZHENG:  No.

20      THE COURT:  Have you been treated recently for any

21  mental illness or addiction to narcotic drugs of any kind?

22      DEFENDANT ZHENG:  No.

23      THE COURT:  Let me go back to Mr. Dong and make sure I

24  have asked him.  Have you taken any narcotic drugs, medicine,

25  pills, or any alcoholic beverages in the past twenty-four hours?

1       DEFENDANT DONG:  No.

2       THE COURT:  Have you been treated recently for any

3   mental illness or addiction to narcotic drugs of any kind?

4       DEFENDANT DONG:  No.

5       THE COURT:  All right.  Now, let me do this with Ms.

6   Zheng.  At the present time there is an Indictment, but there is

7   also -- the government has also filed an Information to a

8   misdemeanor charge that you are pleading guilty to.  Have you

9   received a copy of that Information, that is the written charges

10  pending against you, and have you fully discussed those charges

11  in the case in general with your attorney, Mr. Chakmakis?

12      MR. CHAKMAKIS:  That's correct.

13      DEFENDANT ZHENG:  Yes.

14      THE COURT:  Are you fully satisfied with Mr. Chakmakis

15  as your attorney, his representation, and the advice he has

16  given you in this case?

17      DEFENDANT ZHENG:  Yes.

18      THE COURT:  Is your willingness to plead guilty the

19  result of discussions that you and your attorney have had with

20  the attorney for the government?

21      DEFENDANT ZHENG:  Yes.

22      THE COURT:  Has anyone attempted in any way to force you

23  to enter this plea of guilty?

24      DEFENDANT ZHENG:  No.

25      THE COURT:  Are you pleading guilty of your own free

1    will because you are guilty?

2            DEFENDANT ZHENG:  Yes.

3            THE COURT:  All right.  Let me ask Mr. Dong.  Have you

4    received a copy of the Indictment pending against you, that is,

5    the written charges against you, and have you fully discussed

6    those charges and the case in general with your attorney?

7            DEFENDANT DONG:  Yes.

8            THE COURT:  Are you fully satisfied with Mr. Chakmakis

9    as your attorney, his counsel and representation, and the advice

10   he has given you in the case?

11           DEFENDANT DONG:  Yes.

12           THE COURT:  Is your willingness to plead guilty the

13   result of discussions that you and your attorney have had with

14   the attorney for the government?

15           DEFENDANT DONG:  Yes.

16           THE COURT:  Has anyone attempted in any way to force you

17   to enter this plea of guilty?

18           DEFENDANT DONG:  No.

19           THE COURT:  Are you pleading guilty of your own free

20   will because you are guilty?

21           DEFENDANT DONG:  Yes.

22           THE COURT:  All right.  Now, Ms. Zheng, they are really

23   proceeding against you on a misdemeanor with an Information, so

24   there is no right to have that presented to the Grand Jury and

25   the government can proceed on misdemeanors by filing an

1   Information.  And, Mr. Dong, yours is proceeding on this

2   Indictment returned by a Grand Jury.  I need to advise both of

3   you that under the laws and the Constitution of the United

4   States each of you have the right to enter a plea of not guilty

5   and maintain your plea of not guilty to and throughout a trial

6   by a jury.  Do you understand that, Ms. Zheng?

7          DEFENDANT ZHENG:  I know.

8          THE COURT:  Mr. Dong, do you understand?

9          DEFENDANT DONG:  Yes.

10          THE COURT:  If you want a trial each of you would be

11   entitled to a speedy and public trial by a jury on the charges

12   contained in the Indictment, and if we had a trial in the case

13   you would have the right to have your attorney sit with you and

14   assist you throughout the trial.  Do you understand that, Ms.

15   Zheng?

16          DEFENDANT ZHENG:  I understand.

17          THE COURT:  Mr. Dong?

18          DEFENDANT DONG:  I understand.

19          THE COURT:  If we had a trial in the case you would be

20   presumed innocent and the government would have to overcome that

21   presumption and prove your guilt by competent evidence beyond a

22   reasonable doubt.  You would not have to prove you were

23   innocent, because the burden would always be upon the government

24   to prove your guilt beyond a reasonable doubt.  Do you

25   understand that, Ms. Zheng?

1    DEFENDANT ZHENG:  I understand.

2    THE COURT:  Mr. Dong, do you understand?

3    DEFENDANT DONG:  I understand.

4    THE COURT:  At a trial you would not have to do or say

5  anything, but all the witnesses for the government would have to

6  come to court and testify in your presence, and all evidence

7  presented to the jury would be done so in your presence, and you

8  and your attorney would have the right to confront the

9  witnesses, challenge their testimony, cross examine each witness

10  for the government and object to any evidence offered by the

11  government.  Do you understand that, Ms. Zheng?

12    DEFENDANT ZHENG:  I understand.

13    THE COURT:  Mr. Dong, do you understand?

14    DEFENDANT DONG:  I understand.

15    THE COURT:  If you chose to do so at a trial you could

16  present your own evidence and call witnesses in your own behalf,

17  and you could testify in your own behalf if you wanted to, but

18  nobody could force you to testify in the case or present any

19  evidence.  Also you would have the subpoena power of this Court

20  to bring any witnesses or evidence to present to the jury.  Do

21  you understand that, Ms. Zheng?

22    DEFENDANT ZHENG:  I understand.

23    THE COURT:  Do you understand, Mr. Dong?

24    DEFENDANT DONG:  I understand.

25    THE COURT:  If you chose not to testify at a trial or

1  not to put up any evidence, that fact could not be used against

2  you and no inference harmful to you could be made by the jury.

3  Also in a trial each of you would have the right to have the

4  jury render a unanimous verdict before you could be convicted,

5  but if I accept your plea you need to understand that you'll be

6  waiving your right to a trial and the other rights I have just

7  discussed, and by entering a plea of guilty there will be no

8  trial and the judge will simply enter a judgment of guilt and

9  sentence you on the basis of your guilty plea.  Do you

10 understand that, Ms. Zheng?

11          DEFENDANT ZHENG:  I understand.

12          THE COURT:  Mr. Dong?

13          DEFENDANT DONG:  I understand.

14          THE COURT:  Also by pleading guilty you need to

15 understand that you will also have to waive your right not to

16 incriminate yourself, since I'm about to ask you questions about

17 what you did in order to satisfy the Court that you are guilty

18 as charged, and you will have to acknowledge your guilt.  Are

19 you willing to waive and give up your right to a trial and the

20 other rights I have just discussed?  Ms. Zheng?

21          DEFENDANT ZHENG:  Yes, I waive those rights.

22          THE COURT:  Mr. Dong?

23          DEFENDANT DONG:  Yes, I waive those rights.

24          THE COURT:  All right.  At this time I'll ask Mr. Pearce

25 to summarize the terms of the plea agreement and then I will

1    have some questions for each of you about your plea agreement.

2         MR. PEARCE:  Yes, Your Honor.  Both defendants in their

3    separate plea agreements acknowledge that they are pleading

4    guilty because they are guilty and for no other reason, and both

5    of them acknowledge in their plea agreements that they are

6    waiving certain rights which Your Honor has just gone over.

7         Each is acknowledging the maximum penalties for their

8    separate offenses.  Mr. Dong acknowledges that the maximum term

9    of imprisonment for his offense under the Indictment is ten

10   years custody, up to three years supervised release, up to a two

11   million dollar fine, full restitution, a special assessment of

12   one hundred dollars, and possible forfeiture.

13        Ms. Zheng acknowledges that her offense, which is a

14   misdemeanor, has the following maximum penalties:  A term of

15   imprisonment of up to one year, a term of supervised release of

16   up to one year, a maximum fine of one hundred thousand dollars,

17   restitution, a special assessment of fifty dollars, and possible

18   forfeiture.

19        In each of the two plea agreements the government is

20   stating that it will -- is committing to making certain

21   recommendations and nothing higher.  For Mr. Dong, the

22   government will recommend that the base offense level is 8; that

23   there is up to a 12-level enhancement for the loss amount in the

24   case under section 2B5.3 of the guidelines, and that Mr. Dong

25   will receive the full three-level adjustment for acceptance of

1    responsibility.

2         And then as to Ms. Zheng, the government's

3    recommendation there would again be a base offense level of 8

4    plus 2 for an offense involving importation minus 2 for

5    acceptance, and that would give an adjusted offense level of 8.

6    The government will recommend the full adjustment, whatever it

7    may be, for acceptance of responsibility for both defendants.

8         In both plea agreements the government reserves the

9    right to tell the probation officer and the Court all the facts

10   about that defendant in this case, and to answer all the Court's

11   and probation officer's questions about the case.  In both plea

12   agreements the government reserves the right to modify its

13   recommendations if new evidence comes to light between now and

14   the sentencing.

15        For both defendants the government will recommend a

16   low-end sentence for the adjusted guideline range found by the

17   Court and is recommending no fine.  Mr. Dong recognizes in his

18   plea agreement that he will have to pay a hundred dollar special

19   assessment within thirty days of his guilty plea.  For Ms. Zheng

20   that amount is fifty dollars.

21        Mr. Dong agrees to pay restitution, which we have

22   calculated based on the investigative costs of the victims

23   collectively, and we've determined that amount is $22,911.66 and

24   agrees that that amount will be considered due and payable

25   immediately.

1        There is a restitution provision in Ms. Zheng's

2   agreement.  It's the government's expectation that Mr. Dong will

3   pay any restitution on behalf of the couple and there will be no

4   restitution for Ms. Zheng to pay.

5        In both plea agreements the defendant reserves the right

6   to argue for downward departures.  The guideline recommendations

7   are the government's only.  The defense reserves the right to

8   make -- to argue for any sentence under the plea agreement,

9   including one that will be below the guideline range.

10        Both defendants recognize in their plea agreement that

11   the plea agreements are only recommendations to the Court, and

12   that you, Judge, will make the final decision in the case.

13        There is a limited waiver of appeal in both plea

14   agreements.  Both defendants are waiving the right to appeal

15   unless one of two things happens; the Court departs upward under

16   the guidelines and sentences them above the guideline range

17   called for by the guidelines, or the government for some reason

18   files an appeal.  So if the government files an appeal they can

19   answer with their own appeal.  Otherwise they are waiving the

20   right to attack their conviction, that is, to take back their

21   guilty plea.  They are waiving the right to appeal it, file a

22   civil lawsuit attacking it in any way.  They are also agreeing

23   not to seek early termination of any supervised release or

24   probation, any electronic monitoring condition, or any travel

25   restriction imposed by the Court.  And that's in section H.

1    The parties agree that there are no other agreements in

2 the case.  I did tell them not by way of agreement, but my plan

3 in this case is to let the Court know at sentencing that the

4 couple, while they haven't given us what amounts to substantial

5 assistance, they did make -- they did engage in some cooperative

6 efforts.  They tried, and they did some other things that helped

7 us find some money that they had in an account that we had our

8 eye on anyway, and they helped in other ways, but we'll get into

9 that at sentencing, Judge, but that wasn't an agreement.  That

10 was something I told them I planned to do and will.  And those

11 are the plea agreements, Your Honor.

12    One thing I probably could have put in the plea

13 agreement and didn't, but Your Honor could maybe cover it, is

14 that in light of the case law from last summer, both of these

15 defendants, neither is a citizen, so -- and I understand both of

16 them have an immigration lawyer, and that's one reason why we

17 have an Information for Ms. Zheng.  They recognize that what

18 happens here today could hurt their immigration status.  Ms.

19 Zheng's plea is hoping, with her plea, to improve her

20 immigration chances insofar as a misdemeanor will -- may protect

21 her against what is called -- being what is called an aggravated

22 felon, automatically deportable.  Both are from China.  That

23 makes it complicated.  China doesn't always take people back on

24 the time table that we ask for, or any at all, but I thought it

25 should be clear on the record, at least, that the defendants

1   understand, as I'm sure their immigration attorneys told them,

2   that there are possible consequences for their immigration

3   status here, that no one, including the Court, can predict with

4   any certainty what will happen there, that that is not in our

5   hands, that is in the hands of an immigration judge, and that

6   the defendants confirm their readiness to plead guilty despite

7   those possibilities.

8           THE COURT:  All right, sir.  Well, let me focus on Ms.

9   Zheng.  The Assistant U.S. Attorney has disclosed the plea

10  agreement that you and your attorney have entered into and the

11  terms of the agreement.  Do you agree with the description that

12  he has just given to the Court?

13          DEFENDANT ZHENG:  Yes.

14          THE COURT:  Do you understand the plea agreement?

15          DEFENDANT ZHENG:  Yes.

16          THE COURT:  Do you understand that the terms of your

17  plea agreement are merely recommendations to the judge and the

18  judge may reject the recommendations without permitting you to

19  withdraw your plea of guilty and impose a sentence that is more

20  severe than you may anticipate?

21          DEFENDANT ZHENG:  I understand.

22          THE COURT:  Is this the only agreement you have entered

23  into with the government?

24          DEFENDANT ZHENG:  Yes.

25          THE COURT:  All right.  Let me ask Mr. Dong.  Do you

1    understand the plea agreement that the Assistant U.S. Attorney

2    has outlined?

3              DEFENDANT DONG:  Yes.

4              THE COURT:  Do you understand the plea agreement?

5              DEFENDANT DONG:  Yes.

6              THE COURT:  Do you understand that the terms of the plea

7    agreement are merely recommendations to the judge and the judge

8    may reject the recommendations without permitting you to

9    withdraw your plea of guilty and impose a sentence that is more

10   severe than you may anticipate?

11             DEFENDANT DONG:  I understand.

12             THE COURT:  Is this the only agreement you have entered

13   into with the government?

14             DEFENDANT DONG:  Yes.

15             THE COURT:  Let me ask Ms. Zheng.  Has anyone made any

16   promise to you other than what is set out in the plea agreement

17   that's induced you to enter this plea of guilty?

18             DEFENDANT ZHENG:  No.

19             THE COURT:  Has anyone made a promise to you of what

20   your actual sentence will be?

21             DEFENDANT ZHENG:  No.

22             THE COURT:  Other than the plea agreement, has anyone

23   threatened or forced you to enter this plea of guilty or told

24   you that if you did not plead guilty further charges would be

25   brought against you or other adverse action would be taken

1    against you?

2         DEFENDANT ZHENG:  No.

3         THE COURT:  Have you been advised by anyone not to tell

4    the complete truth today?

5         DEFENDANT ZHENG:  No.

6         THE COURT:  Let me ask Mr. Dong.  Has anyone made a

7    promise to you other than what's in the plea agreement that's

8    induced you to enter this plea of guilty?

9         DEFENDANT DONG:  No.

10        THE COURT:  Has anybody made a promise to you of what

11   your actual sentence will be?

12        DEFENDANT DONG:  No.

13        THE COURT:  Other than the plea agreement, has anybody

14   threatened or forced you to enter this plea of guilty or told

15   you that if you did not plead guilty further charges would be

16   brought against you or other adverse action would be taken

17   against you?

18        DEFENDANT DONG:  No.

19        THE COURT:  Have you been advised by anyone not to tell

20   the complete truth today?

21        DEFENDANT DONG:  No.

22        THE COURT:  All right.  I'll ask Mr. Pearce to state the

23   elements of the offense that the defendants are pleading guilty

24   to and then outline or summarize what the government would

25   expect to show if the case were to go to trial.

1    MR. PEARCE:  Yes, Your Honor.  Mr. Dong is pleading

2 guilty to Count 1 in the Indictment.  That alleges a felony

3 count of criminal trademark infringement under Title 18 USC

4 section 2320.  The elements of that crime are that the defendant

5 trafficked or attempted to traffic in goods or services, here

6 merchandise, and all that trafficking means in this case is

7 trying to sell it or possessed it with the intent to sell it;

8 that this trafficking or attempt to traffic was intentional;

9 that the defendant used a counterfeit trademark on goods, or in

10 connection with them in some way.  Here the counterfeit

11 trademark is on the fake goods.  That the defendant knew that

12 the mark was counterfeit.

13    And as to Ms. Zheng, she is pleading guilty to a

14 misdemeanor count, Title 18, Section 2319(B)3, which

15 incorporates Title 17, section 506(A)1(a).  The copyright

16 statute has some misdemeanor versions and some felony versions,

17 and she is pleading guilty to a misdemeanor version, the

18 elements of which are that the defendant willfully infringed a

19 copyright by distribution or reproduction, basically by either

20 selling it, or making it, or both, for purposes of commercial

21 advantage or private financial gain; for money, to make money.

22 Those are the elements of the two different offenses that they

23 are pleading guilty to.

24    If the case were to go to trial, Your Honor, the

25 government would show the following:  That Mr. Dong and Ms.

1    Zheng owned and operated a store in Mableton, Georgia on the

2    Veterans Memorial Highway, and at the store they sold

3    merchandise, backpacks, batteries, hats, gloves, purses, that

4    kind of thing, and that all happened here in the Northern

5    District of Georgia, or at least some of it did.  Their store

6    was in the northern district.  And at no time did Mr. Dong, or

7    Ms. Zheng, or OK Wholesale, which is what they called their

8    business at one point, or any of the different business names

9    that they gave that business, at no time did they or their

10   companies have the right or were they authorized dealers of the

11   merchandise at issue here.  For Ms. Zheng, it's Hello Kitty

12   merchandise, which our evidence would show there was some

13   copyright interests that were infringed, and for Mr. Dong,

14   Northface backpacks.  But they never were authorized dealers of

15   Northface or Hello Kitty merchandise.

16         And the evidence would show that back in 2007 in the

17   late summer, U.S. Customs seized some shipments of counterfeit

18   John Deere merchandise, which was heading to DGI Imports.

19   That's the old name for their business.  And they were told, or

20   Mr. Dong was told that the trademarks were counterfeit and

21   that's why they were being taken.

22         And then in October of 2007, John Deere sent them a

23   cease and desist letter to their company, which Ms. Zheng

24   acknowledged, and she turned over some more merchandise that

25   they had there that had John Deere on it that was counterfeit.

1    They then dissolved that company and formed another one, OK

2    Wholesale, and then in January, 2009, ICE Agent Ashley, who is

3    beside me, he went into their store and saw that they had some

4    more counterfeit items on display, and then some investigators

5    for some of the victim companies came there later that month,

6    because they had heard -- or because they heard there were still

7    counterfeits there, and the couple turned over lots and lots of

8    goods voluntarily.  They acknowledged they were counterfeit and

9    they surrendered the goods in the face of this action.

10         Then on or about January 28th, 2009, Ms. Zheng sold a

11   customer some Hello Kitty backpacks that were counterfeits, sold

12   the customer around twenty of them for about two dollars a

13   piece.  They retail for about fifteen dollars.  OK Wholesale had

14   imported Hello Kitty backpacks from China.  In fact, when they

15   turned over the counterfeit goods in January of 2009, there was

16   a Hello Kitty -- one left in the store, and it was a knock-off.

17   And then our evidence would show that that Hello Kitty logo was

18   not just a trademark, it was a registered copyright in the

19   United States, and that when Ms. Zheng sold those Hello Kitty

20   backpacks to her customer in January 2009, she knew she wasn't

21   an authorized seller.  She knew that her supplier was not an

22   authorized manufacturer, and that the Hello Kitty backpacks were

23   not the real thing.  They were counterfeits.  And the evidence

24   will show she knew it was against the law to sell counterfeit

25   merchandise.  The evidence would show that her purpose was to

1     make money.  It wasn't for any other reason.  It was part of her

2     business, to make a profit on selling backpacks and other

3     merchandise, just like any other -- most other store owners.

4           As to Mr. Dong, the government's evidence would show

5     that on January 28th, 2009, he had 6,793 Northface backpacks

6     there in their inventory; that he had imported them from China

7     to sell to customers in the southeast, and his purpose was

8     commercial, to make money; that those counterfeit Northface

9     backpacks had a trademark on them, Northface, which as of that

10    date was in use as required by law, and was registered with the

11    U.S. Patent and Trademark Office for use on backpacks.

12          The evidence will show that the logo on the backpacks

13    infringed Northface's trademark, their word mark for those

14    backpacks, and that the Northface logo on those backpacks was

15    substantially similar to the real one.

16          Finally, the evidence would show that Mr. Dong knew that

17    his Northface backpacks weren't real, and that the Northface

18    logo on them was not real, was counterfeit.

19          THE COURT:  All right.  Let me ask Ms. Zheng.  Have you

20    discussed with your attorney the charges in the Information

21    filed against you that you are pleading guilty to?

22          DEFENDANT ZHENG:  Yes.

23          THE COURT:  Do you understand these charges?

24          DEFENDANT ZHENG:  Yes.

25          THE COURT:  Mr. Dong, have you discussed with your

1  attorney the charges in the Indictment that you are pleading

2  guilty to?

3         DEFENDANT DONG:  Yes.

4         THE COURT:  Do you understand these charges?

5         DEFENDANT DONG:  Yes.

6         THE COURT:  Ms. Zheng, do you agree with the

7  prosecutor's summary of what you did in this case?

8         DEFENDANT ZHENG:  Yes.

9         THE COURT:  Are you, in fact, guilty?

10         DEFENDANT ZHENG:  Yes.

11         THE COURT:  At the time you did these things did you

12  know that it was illegal to do that?

13         DEFENDANT ZHENG:  I knew.

14         THE COURT:  Mr. Dong, do you agree with the prosecutor's

15  summary of what you did in this case?

16         DEFENDANT DONG:  Yes.

17         THE COURT:  Are you, in fact, guilty?

18         DEFENDANT DONG:  Yes.

19         THE COURT:  At the time you were doing this did you know

20  that if you were caught you would be arrested?

21         DEFENDANT DONG:  Yes.

22         THE COURT:  Both of you did this for the money, is that

23  right, Ms. Zheng?

24         DEFENDANT ZHENG:  Yes.

25         THE COURT:  Mr. Dong, you did this for the money, is

1    that correct?

2         DEFENDANT DONG:  Yes.

3         THE COURT:  All right.  Now, both of you have the same

4    attorney.  You have the right to have separate attorneys, but it

5    is my belief that you wish to waive your right to have separate

6    attorneys and both proceed with the same attorney.  Is that

7    right, Ms. Zheng?

8         DEFENDANT ZHENG:  Yes.

9         THE COURT:  Mr. Dong?

10        DEFENDANT DONG:  Yes.

11        THE COURT:  Let me ask your attorney:  Have you advised

12   each defendant concerning the legality of any statements, or

13   confessions, or other evidence the government has to use against

14   that defendant?

15        MR. CHAKMAKIS:  Yes, Your Honor.

16        THE COURT:  Is either defendant pleading guilty because

17   of any illegally-obtained evidence in the possession of the

18   government in your opinion?

19        MR. CHAKMAKIS:  No, Your Honor.

20        THE COURT:  The Court finds there is a factual basis for

21   the plea of guilty of Ms. Zheng and also a factual basis for the

22   plea of guilty of Mr. Dong.  Now, in Ms. Zheng's plea agreement,

23   the maximum penalty is one year in confinement.  The Court can

24   sentence her also to a term of supervised release that follows

25   confinement of one year supervised release, and a maximum fine

...

1    of one hundred thousand dollars.  The Court can sentence and

2    require full restitution, and definitely there will be a

3    mandatory special assessment of fifty dollars, plus the Court

4    can order forfeiture of any and all proceedings from the

5    commission of the offense and all property used to facilitate

6    the offense.  Do you understand that, Ms. Zheng?

7          DEFENDANT ZHENG:  Yes.

8          THE COURT:  Mr. Dong, the Court can sentence you up to

9    ten years in confinement and also up to three years supervised

10    release that would follow confinement that works like parole or

11    probation, a maximum fine of two million dollars, full

12    restitution.  Definitely there will be a mandatory special

13    assessment of one hundred dollars due and payable, and the Court

14    can also order forfeiture of any and all proceedings from the

15    commission of the offense and all property used to facilitate

16    the offense.  Do you understand that?

17          DEFENDANT DONG:  I know.

18          THE COURT:  I need to advise both of you that the United

19    States Sentencing Commission has issued guidelines for judges to

20    follow in determining the sentence in a criminal case.  Have you

21    and your attorney talked about those Sentencing Guidelines and

22    how they might apply to your case?  Ms. Zheng?

23          DEFENDANT ZHENG:  Yes.

24          THE COURT:  Mr. Dong?

25          DEFENDANT DONG:  Yes.

1          THE COURT:  Both of you need to understand it's not

2     possible to determine exactly how the guidelines will affect

3     your case today and the Court will have a presentence report

4     completed and you and the government will have an opportunity to

5     challenge the facts reported by the probation officer.  Also,

6     after it's been determined how the guidelines apply to your case

7     the judge has the authority to impose a sentence that is more

8     severe or less severe than the sentence called for by the

9     guidelines.  In fact, the Court is not bound by the guidelines,

10    but the judge must consult the guidelines and take them into

11    account at the time of sentencing.  Do you understand that, Ms.

12    Zheng?

13          DEFENDANT ZHENG:  I understand.

14          THE COURT:  Mr. Dong, do you understand?

15          DEFENDANT DONG:  I understand.

16          THE COURT:  Well, let's see.  I have got a waiver of

17    appeal.  Also under most circumstances you would have the right

18    to appeal any sentence that the Court imposes, but in your plea

19    agreement you are waiving your right to appeal.  With the

20    exceptions noted in your plea agreement, you are giving up that

21    right, which means you'll be bound by the judge's decision.

22    Also you are waiving your right to collaterally attack your

23    sentence in any post conviction proceeding, such as a habeas

24    corpus proceeding.  Do you understand that, Ms. Zheng?

25          DEFENDANT ZHENG:  Yes.

1      THE COURT:  Mr. Dong, do you understand?

2      DEFENDANT DONG:  Yes.

3      THE COURT:  Parole has been abolished in the federal

4  system.  If you're sentenced to prison you will not be released

5  on parole, but you may be sentenced to a term of supervised

6  release that follows incarceration and works like parole or

7  probation, and if you violate the conditions of your supervised

8  release you can be sent back to prison for the entire term of

9  your supervised release.  Do you understand that?

10      DEFENDANT ZHENG:  I understand.

11      THE COURT:  Mr. Dong, do you understand?

12      DEFENDANT DONG:  I understand.

13      THE COURT:  All right.  Now, Mr. Dong, this is a felony

14  that you are pleading guilty to and if your plea is accepted

15  you'll be adjudicated guilty of this felony offense and that

16  adjudication may deprive you of certain valuable civil rights.

17  In your case I expect it may cause your deportation from this

18  country and act as a bar from you ever reentering this country.

19  Do you understand that?

20      DEFENDANT DONG:  I understand.

21      THE COURT:  It also may be used against you to enhance a

22  sentence for any future offense.  Do you understand that?

23      DEFENDANT DONG:  I understand.

24      THE COURT:  All right.  Now, Ms. Zheng, this is a

25  misdemeanor you are pleading guilty to and if your plea is

1   accepted you'll be adjudicated guilty of that offense and this

2   adjudication may deprive you of certain rights and it may cause

3   your deportation from this country and act as a bar to you ever

4   reentering this country.  Do you understand that?

5          DEFENDANT ZHENG:  Yes, I understand.

6          THE COURT:  It can be used later in another criminal

7   proceeding or future criminal proceeding to enhance any sentence

8   that you might receive.  Do you understand that?

9          DEFENDANT ZHENG:  I understand.

10         THE COURT:  If the sentence is more severe than you

11  expect, you will still be bound by your plea and have no right

12  to withdraw it.  Do you understand that, Ms. Zheng?

13         DEFENDANT ZHENG:  I understand.

14         THE COURT:  Mr. Dong, do you understand?

15         DEFENDANT DONG:  Yes.

16         THE COURT:  Both of you need to understand that if I do

17  not accept the sentencing recommendations in your plea agreement

18  you will still be bound by your plea and have no right to

19  withdraw it.  Do you understand that, Ms. Zheng?

20         DEFENDANT ZHENG:  Yes.

21         THE COURT:  Mr. Dong, do you understand?

22         DEFENDANT DONG:  Yes.

23         THE COURT:  Is there anything I have said or any

24  questions I have asked that you do not understand or you wish me

25  to go back over and clarify, Ms. Zheng?

1         DEFENDANT ZHENG:  No.

2         THE COURT:  Mr. Dong?

3         DEFENDANT DONG:  No.

4         THE COURT:  Do you and your attorney feel that you have

5    had sufficient time to think about and discuss this matter fully

6    among yourselves before entering this plea of guilty today, Ms.

7    Zheng?

8         DEFENDANT ZHENG:  Yes.

9         THE COURT:  Mr. Dong?

10         DEFENDANT DONG:  Yes.

11         THE COURT:  And Ms. Zheng, are you fully satisfied with

12    your attorney, his representation, the advice he has given you

13    in this case?

14         DEFENDANT ZHENG:  Yes.

15         THE COURT:  And, Mr. Dong, are you fully satisfied with

16    your attorney, his representation, and the advice he has given

17    you in this case?

18         DEFENDANT DONG:  Yes.

19         THE COURT:  Do either of you or your attorney know any

20    reason that I should not accept the plea of guilty?

21         DEFENDANT DONG:  No.

22         THE COURT:  All right.  Mr. Dong says no.  Ms. Zheng?

23         DEFENDANT ZHENG:  No.

24         THE COURT:  And Mr. Chakmakis?

25         MR. CHAKMAKIS:  No, Your Honor.

1    THE COURT:  Well, let me take Ms. Zheng first.  At this

2  time the Court finds the defendant understands the charges and

3  the consequences of her plea of guilty.  The Court's observed

4  the defendant during the proceeding and she does not appear to

5  be under the influence of any substance that might affect her

6  judgment or actions in any manner.  The Court finds that the

7  offer of the plea of guilty of the defendant to the accusation

8  in the Information has a factual basis, is free of any coercive

9  influence, is voluntarily made with full knowledge of the charge

10  against her and the consequences of her plea.  The Court finds

11  the defendant is competent to understand these proceedings and

12  to enter a knowing plea of guilty.  The Court finds there have

13  been no improper promises of any kind made to her by anyone,

14  that all promises are set out in the plea agreement filed here

15  in open court.  The Court finds the defendant's waiver of her

16  right to appeal is made knowingly and voluntarily.  It is hereby

17  ordered that the plea of guilty of the defendant to the crime

18  charged in the Information is accepted and entered.  Ms. Zheng,

19  you are hereby adjudicated guilty on the charge in the

20  Information.  Have you got any questions?

21    DEFENDANT ZHENG:  No.

22    THE COURT:  All right.  Now Mr. Dong.  At this time the

23  Court finds the defendant, Mr. Dong, understands the charges and

24  the consequences of his plea of guilty.  The Court's observed

25  the defendant during the proceeding and he does not appear to be

1    under the influence of any substance that might affect his

2    judgment or actions in any manner.  The Court finds that the

3    offer of the plea of guilty of the defendant -- let's see.  He

4    just pleaded guilty to Count 1.  Finds that the offer of the

5    plea of guilty to Count 1 of the Indictment has a factual basis,

6    is free of any coercive influence of any kind, is voluntarily

7    made with full knowledge of the charge against him and the

8    consequences of his plea.  The Court finds the defendant is

9    competent to understand these proceedings and to enter a knowing

10   plea of guilty, and the Court finds there have been no improper

11   promises of any kind made to him by anyone, that all promises

12   are set out in his plea agreement.

13        The Court finds the defendant's waiver of his right to

14   appeal is made knowingly and voluntarily.  It's hereby ordered

15   that the plea of guilty of the defendant to the one count -- or

16   Count 1 of the Indictment is accepted and entered.  Mr. Dong,

17   you are hereby adjudicated guilty on Count 1 of the Indictment.

18   Have you got any questions?

19        DEFENDANT DONG:  No.

20        THE COURT:  Ask the clerk to set a date for sentencing.

21        MR. CHAKMAKIS:  Your Honor, I have a request on that

22   issue.  Based on conversations and consultation with immigration

23   counsel, I'm requesting a date for sentencing March the 22nd,

24   2011 or later.  It's my understanding that there are some

25   immigration issues and for safety the immigration counsel has

1  advised me --

2       THE COURT:  For both defendants?

3       MR. CHAKMAKIS:  Actually it is a request, but it's

4  primarily involving Mr. Dong, and I have discussed it with the

5  government.  The government has indicated they won't oppose that

6  request, but also I'd just like to point out both defendants

7  have been on release since arrest without any incident.  They

8  have cooperated.

9       THE COURT:  Well, if you didn't plead guilty I probably

10  couldn't get to your trial for some time and sentencing would

11  wind up being about that same date.  You want them set after

12  March --

13       MR. CHAKMAKIS:  After March 21st.

14       THE COURT:  I hope I don't get many of these requests.

15       COURTROOM DEPUTY:  March 28th.

16       THE COURT:  March 28th.  At what time, Madam Clerk?

17       COURTROOM DEPUTY:  10 and 10:30.

18       THE COURT:  All right.  All right.  Is there anything

19  else we need to take up today?

20       MR. PEARCE:  Nothing from the government, Your Honor.

21       MR. CHAKMAKIS:  Nothing from the defense, Your Honor.

22       THE COURT:  Court will be in recess.

23

24

25

# C E R T I F I C A T E


    I, Martha J. Frutchey, do hereby certify that I am a U.S. District Court Reporter for the Northern District of Georgia, Atlanta Division; that I reported the foregoing and the same is a true and accurate transcription of my shorthand notes as taken aforesaid.


_____
Martha J. Frutchey