UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO.   1:10-CR-161-01-CAP |
| | * | |
| v. | * | **DEFENDANT'S SENTENCING** |
| | * | **MEMORANDUM** |
| YI GUO DONG | * | |
| | * | **DATE: 4/21/2011** |
| Defendant. | * | **TIME: 2:00 p.m.** |
| | * | |
| | * | |
| | * | |
| | * | |

TO: SALLY QUILIAN YATES, UNITED STATES ATTORNEY; BRIAN PEARCE, ASSISTANT UNITED STATES ATTORNEY; AND THOMAS E. THURMOND, UNITED STATES PROBATION OFFICER.

Defendant, YI GUO DONG, by and through his counsel, George Chakmakis, Jr., files the instant sentencing memorandum for the Court's consideration at sentencing.

1. **PERSON BEFORE THE COURT**

Mr. Dong respectfully requests the Court consider his history and character-istics, the nature and circumstances of the instant offense, and the plea agreement between the parties in fashioning an appropriate sentence in this case.

1

Mr. Dong is 42 years-old . He is the husband of co-defendant, Ri Hong Zheng.  Mr. Dong has been married to Ms. Zheng since 2007 and they have a 7 year old son.  Mr. Dong has two other children, ages 13 and 21, from a prior marriage.

Mr. Dong was raised in China and has a second grade education.  Mr. Dong moved to the United States in 1992 and has lived in Georgia since 2002.  Mr. Dong has worked at flea markets selling merchandise both imported from China and purchased from wholesalers in the United States since 2002.   Most of the merchandise sold by Mr. Dong were "dollar" store type items but also included merchandise which is the subject of the charges in this matter.

Mr. Dong has no prior felony or misdemeanor convictions and has a Criminal History with ZERO criminal history points.

### 3.      ADVISORY SENTENCING GUIDELINES

Base Offense Level [§ 2B5.3]................................................................................8

Adjusted Offense Level [§2B5.3(b)(1)(B)], §2B1.1(b)(1)(G)]………………………………………………………….12

Adjustment for Acceptance of Responsibility [§ 3E1.1]...................................... -3

**Resulting Offense Level**................................................................................17

Criminal History Category I with **ZERO** criminal history points.

Sentencing Guideline Range ........................................................... 24-30 MONTHS

### 4. A NON-CUSTODY SENTENCE IN THIS MATTER IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO SATISFY THE FACTORS SET FORTH IN 18 U.S.C. 3553(a)

18 U.S.C. § 3553(a)'s parsimony provision mandates that sentencing courts impose the *minimum* reasonable sentence: "*The court shall impose a sentence sufficient, **but not greater than necessary***, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3353(a) (emphasis added).

> Section 3553(a) is mandatory. See United States v. Booker, 543 U.S. 220, 261 ("Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing."). Its terms are not met by reciting a number taken from a table of the Sentencing Guidelines that are now merely advisory. There is no presumption that such a number has taken into account all of the relevant circumstances that the statute states that the court "shall consider." *See* United States v. Zavala, 443 F.3d 1165, 1170 (9th Cir. 2006) ("If a district court . . . makes the Guideline calculation the presumptive sentence, it will commit legal error by misapplying § 3553(a), which now makes the Guideline a, but only a, factor to be considered.").

United States v. Diaz-Argueta, 447 F.3d 1167, 1171 (9th Cir. 2006).

Sentencing courts must explicitly address the factors listed in § 3553(a) when imposing an appropriate sentence, rather than simply calculate the defendant's guideline range, presuming that the guideline range is a reasonable sentence. That is, beyond using the Guidelines, sentencing courts should consider factors such as the person before the court, and should give reasons behind its imposition of a certain sentence. Id. According

3

to the Supreme Court:

> a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may ***not*** presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. Gall v. United States, ___ U.S. ___, 128 S.Ct. 586, 596-97 (2007) (emphasis added) (footnote and citations omitted).

Although a reviewing appellate court may, under the deferential abuse-of-discretion standard,[1] take into account the degree of variance from a guideline-range sentence, the Supreme Court has "reject[ed] . . . an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range . . . [and has] reject[ed] the use of a rigid mathematical formula that uses the percentage of a

---

[1] "Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." *Gall*, 128 S.Ct. at 597.

departure as the standard for determining the strength of the justifications required for a specific sentence." Gall, 128 S.Ct. at 596. Moreover, the United States Supreme Court recently re-emphasized its prior holdings that district courts are *not* allowed to presume that a within-the-guidelines-range sentence is reasonable. See Nelson v. United States, 129 S.Ct. 890, 892 ("Our cases do not allow a sentencing court to presume that a sentence within the applicable guideline range is reasonable.") Unlike an appellate court, "[t]he sentencing court does not enjoy the benefit of a legal presumption that the [g]uidelines sentence should apply." Id. (citing Rita v. United States, 551 U.S. 223, 351 (2007)).

Federal judges must also demonstrate that they have considered the § 3553(a) factors in imposing a sentence. United States v. Knows His Gun, 438 F.3d 913, 918 (9th Cir. 2006).

Sentencing is not a science; rather, it is "a difficult art." Diaz-Argueta, 447 F.3d at 1172. Sentencing should not involve a mechanical application of the guidelines. Id. It should be a reasoned judgment from an impartial judge looking at the particular person and the circumstances of the crime that the particular person committed. Id.

Pursuant to § 3553(a), federal courts shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. Id. The court shall also consider the need for the sentence imposed to: (a) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (b) afford adequate deterrence to criminal conduct; (c) protect the public from further

crimes of the defendant; and (d) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Id. Finally, federal courts shall also consider: (1) the kinds of sentences available; (2) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (3) the need to provide restitution to any victims of the offense. Id.

In reality, "the Guidelines are not mandatory, and thus the 'range of choice dictated by the facts [and circumstances] of the case' is significantly broadened. Gall, 128 S.Ct at 602. Moreover, the Guidelines are only one of the factors to consider when imposing sentence, and § 3553(a)(3) directs the [district] judge to consider sentences other than [just] imprisonment." Id.

In sum, the United States Supreme Court has indicated that even where a sentencing guideline recommends that prison time should apply, probation or a below-the-guideline sentence, can be a substantial sentence, which is sufficient punishment depending on the facts of the case and the individual before the court. As set forth below, looking at the factors under 18 U.S.C. § 3553(a)(1), a non-custodial sentence is appropriate.

**a. Nature and Circumstances of the Offense (18 U.S.C. § 3553 (a)(1))**

The nature and circumstances of the offense in the present case warrant downward departure and a non-custodial sentence. Although the importation

allegations are serious, the Government agrees that Mr. Dong is a native Chinese speaking person with only a second grade education from China.  Mr. Dong makes no excuses for his conduct and has accepted responsibility in this matter including paying a significant cash forfeiture to the government in lieu of losing his home where he raises his child with his wife.  The payment of this form of restitution is extraordinary and a hardship on Mr. Dong but shows defendant's sincere remorse in this matter which is a factor supporting a non-custodial sentence.  See United States v. Kim, 364 F.3d 1235 (11th Cir. 2004.)

Moreover, Guideline §2B5.3 Background Commentary states in part, "Similar to the sentences for theft and fraud offenses, the sentences for defendants convicted of intellectual property offenses should reflect the nature and magnitude of the pecuniary harm caused by their crimes."  The victims in this case are only seeking $22,911.66 to pay for the investigators who stopped their activity and are not seeking to be made whole for any lost profits or lost sales.  Mr. Dong asserts that the pecuniary harm in this case may be overstated by the guideline range, which is based upon the arbitrarily determined infringement amount, rather than what the victims assert is their pecuniary harm.  As such, a downward departure is appropriate.

Moreover, the determination of the value of the infringed items (counterfeit

trademarked and copyrighted merchandise) is a very subjective assessment. The MSRP of the items and the "flea market value" of the items involves the consideration of several variables. One consideration involves the quality of the infringing items and how closely they resemble the infringed item. Mr. Dong maintains that much of the merchandise he imported was of such a poor quality that any casual observer would hardly mistake much of the merchandise for the "real thing." Another consideration is that most buyers who purchased the infringing items would hardly be fooled into thinking the items were genuine, when the items could be had for pennies on the dollar of their normal MSRP at an authorized dealer of such merchandise.

Mr. Dong also asserts that a review of his financial status would not support the determination that he could have possibly obtained and paid for $280,000 to $392,000 worth of merchandise. Defendant admits he was buying and selling counterfeit merchandise (in addition to legitimate merchandise), but most of the items were of poor quality and he was making a modest profit of the sales of these items. The modest profit realized by such sales would not generate enough income to support the flea market value figures recommended by the government. Defendant Dong submits that the merchandise seized by the government had a flea

market value of between $70,000 and $120,000, resulting in an 8 level increase in the advisory guideline range.

In addition, Mr. Dong objects to the 2 level increase for §2B5.3(b)(3) set forth in the PSR. First, the adjustment is not set forth in the negotiated plea agreement with the government. Further, Mr. Dong asserts that most of the infringing items he obtained had already been shipped into the United States. Mr. Dong was merely obtaining merchandise from other individuals. Mr. Dong did order merchandise from China, which was sent to him via shipping containers. However, many of these shipments contained legitimate merchandise. Defendant Dong does not deny he possessed the infringing items, but asserts there is insufficient evidence to show that he *imported* the merchandise listed in paragraphs 22, 33, 34, and 35 of the PSR.

In addition, when confronted with the seizure of the numerous items from his business some of which were not counterfeit, Mr. Dong, without the representation of counsel, voluntarily agreed to allow the government to destroy the seized items which allowed the government to save significant sums in storage costs of evidence.

**b. History and Characteristics of the Defendant (18 U.S.C. § 3553 (a)(1))**

Mr. Dong's personal history and characteristics including, but not limited to,

his age, family responsibilities, employment history, lack of criminal history, finances, and/or profit in relation to the offense support consideration of a non-custodial sentence.

Mr. Dong is 42 years old, has no prior criminal history See <u>United States v. Ward</u>, 814 F.Supp. 23 (E.D.Va. 1993) (departure warranted because the Guidlines failed to consider the length of time defendant refrains from commission of first crime), and complied with all of the conditions of her pretrial supervision.  Mr. Dong presents no risk of recidivism, will not benefit (nor would society) from correctional training or treatment, and poses no danger in the community.

Mr. Dong is currently supporting two children and works at flea markets currently earning approximately $2000.00 a month.  As indicated in the PSR, Mr. Dong has little to no education, is a native Chinese speaker and even the Government admits that Mr. Dong did not have a clear understanding of the infringement laws.   The PSR also indicates that Mr. Dong has been living in the United States since 1992 and has abided by the law up until the current offense including and paying all required taxes.

**c.  The Court Should Depart Downward Two Points For Aberrant Behavior**

Pursuant to USSG § 5K2.20, the Court may consider a downward departure for aberrant behavior if the defendant committed a single criminal occurrence that

(1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life. Mr. Dong has a criminal history score of ZERO with no previous convictions and meets this criteria. The Court should depart downward two points for aberrant behavior.

### d. The Court Should Depart Downward based on Defendant's Assistance to the Government

As indicated in the PSR, not only has Mr. Dong cooperated with the Government in facilitating the destruction of the items seized in this case but he has also provided information to assist the Government in regards to the prevention of other similar offenses. To date, the Government acknowledges such assistance but has not indicated whether it will be filing a 5K1.1 departure. Nonetheless, the Court may consider the Defendant's assistance in this regard in determining whether to depart further and order a non-custodial sentence which is within the Court's discretion and supported by the facts and circumstances of this case.

### e. Purpose of Sentencing (18 U.S.C. § 3553(a)(2))

Factors including a person's age, education, prior criminal history and employment history are important considerations in the likelihood that an individual will commit crimes in the future. In consideration of all these factors, Ms. Dong, a 42 year old male with no prior criminal record presents no risk of recidivism.

In addition, in light of his lack of criminal history, age, employment, parental status and job, Mr. Dong poses no danger to the community and would not benefit from incarceration training and treatment.

### f. Kinds of Sentence Available (18 U.S.C. § 3553(a)(3))

**1. Probation**

Probation is a sentence sufficient, but not greater than necessary, to achieve the sentencing goals pursuant to 18 U.S.C. § 3553(a) and in light of the Sentencing Guidelines. After his arrest, Mr. Dong was released on bond subject to pretrial supervision, including electronic monitoring, which he has complied with. Mr. Dong's compliance with all pretrial conditions and orders of the Court shows his ability to comply with probation and any conditions thereon.

**2. Alternatives to Prison**

Should the Court be inclined not to grant Mr. Dong to a period of probation with conditions, Defendant respectfully requests that this Court consider alternatives to prison including, but not limited to, home detention and community confinement (Community Corrections Center of halfway house). In light of Mr. Dong's lack of prior record, age, cooperation with the Government and responsibilities as a Husband and Father, home confinement would be just as efficient as well as less costly than incarceration.

3**. Voluntary Surrender**

Should the Court sentence Mr. Dong to a period in custody, he respectfully requests that in lieu of being taken into custody immediately at sentencing, that he be

12

permitted to continue to remain on bond subject to pretrial supervision until being notified by the Bureau of Prisons as to his designation and report date.  As set forth above, Mr. Dong has, along with voluntarily surrendering from China, complied with all Court orders and conditions of his pretrial supervision and has no prior criminal record. Accordingly, he would be the appropriate candidate for voluntary surrender if a non-custody sentence is not granted.

**5.    CONCLUSION**

For the foregoing reasons, Mr. Dong respectfully requests that this Court impose a probationary sentence with appropriate conditions.

Respectfully submitted,
/S/ George Chakmakis
GEORGE CHAKMAKIS
CA State Bar No. 162634
Admitted Pro Hac Vice

James M. Cavin
For the firm of
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South
Suite 300
Norcross, Georgia 30092
(707) 925-0111
As Local Counsel Under Local Rule 83.1

**CERTIFICATE OF COMPLIANCE AND SERVICE**

I hereby certify that the Defendants' **DEFENDANT'S SENTENCING MEMORANDUM** was prepared and that I have caused a copy to be electronically mailed to the following attorney of record:

>Honorable Brian Pearce
>Assistant U. S. Attorney
>75 Spring Street, Suite 600
>Atlanta, GA 30303

This the 19th day of April, 2011.

>/S/   George Chakmakis
>   Pro Hac Vice
>   CA State Bar #162634

George Chakmakis
CHAKMAKIS & ASSOCIATES
301 N. Canon Drive, Suite #315
Beverly Hills, CA 90210
Telephone (310)550-1555
Facsimile (310)550-1151