**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                              Case No. 1:10-CR-161-1-CAP

**YI GUO DONG**

                                                                  Defendant's Attorney:
                                                                  **George Chakmakis**

---

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count(s) 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 2320(a) | Trafficking in Counterfeit Goods | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining count(s) dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.    1070                Date of Imposition of Sentence: April 21, 2011
Defendant's Date of Birth:   1968
Defendant's Mailing Address:
Georgia

Signed this the  21st  Day of April, 2011.

                                                /s/Charles A. Pannell, Jr.
                                                CHARLES A. PANNELL, JR.
                                                UNITED STATES DISTRICT JUDGE

1:10-CR-161-1-CAP : YI GUO DONG

## **IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **12 months and 1 day.  (This sentence incorporates a variance from the Guideline Range)**

Upon completion of term of imprisonment, and release from the custody of the Bureau of Prisons, the defendant is to be turned over to a duly-authorized immigration official for appropriate removal proceedings from the United States, pursuant to 18 USC § 3583(d) in accordance with the Immigration and Nationality Act. The defendant shall not reenter the United States unless he applies and receives permission from the Department of Homeland Security of the United States to legally enter the United States.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal.


## **RETURN**

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

```
                                          _____
                                          UNITED STATES MARSHAL


                                    By:_____
                                          Deputy U.S. Marshal
```

1:10-CR-161-1-CAP : YI GUO DONG

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

In the event the defendant is not deported, within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

Pursuant to 42 U.S.C. § 14135a(d) and 10 U.S.C. 1565(d), which requires mandatory DNA testing for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the probation officer.

The periodic drug testing mandated by the Violet Crime Control and Law Enforcement Act of 1994 is hereby suspended.  The Court finds this offense is not drug related, and the defendant has no current or past history of substance abuse.

The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

1:10-CR-161-1-CAP : YI GUO DONG

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:10-CR-161-1-CAP : YI GUO DONG

## FINE

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court will waive the fine and cost of incarceration in this case.

## RESTITUTION

The defendant shall make restitution jointly and severally with the co-defendant, Ri Hong Zheng in Case No.: 1:10-cr-489in the following amount:

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| Southeastern Investigations<br>3760 Sixes Road<br>Suite 126, PMB 230<br>Canton, Georgia | $22,911.66 |

The restitution shall be paid in full immediately. Any portion of the fine that is not paid in full at the time of the defendant's sentencing shall become a condition of supervision and be paid at the monthly rate of at lease $200.00, or 25% of gross income in excess of $2,000 per month.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.